**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **WILLIAM EDWARD JOHNSON, et al.,** ) <br> ) <br> **Petitioner,** ) <br> ) <br> v. ) <br> ) <br> **TULSA COUNTY DISTRICT COURT,** ) <br> ) <br> **Respondent.** ) | Case No. 06-CV-0431-CVE-FHM |

**OPINION AND ORDER**

On August 22, 2006, Petitioner William Edward Johnson, appearing *pro se*, submitted a "Petition to Re-Open Case No. CF-91-2809" (Dkt. # 1) and a motion to proceed *in forma pauperis* (Dkt. # 2). Petitioner indicates that he and other individuals identified on pages attached to the petition seek to "re-open" the criminal case of Garsil L. Brown, Tulsa County District Court, Case No. CF-1991-2809.

**A. Standing**

It is well established that before a federal court can consider the merits of a legal claim, the person seeking to invoke the jurisdiction of the court must establish the requisite standing to sue. Article III of the United States Constitution gives the federal courts jurisdiction over only "cases and controversies," and the doctrine of standing serves to identify those disputes which are appropriately resolved through the judicial process. Whitmore v. Arkansas, 495 U.S. 149, 154-55 (1990). According to the Supreme Court,

> [t]o establish an Art. III case or controversy, a litigant first must clearly demonstrate that he has suffered an "injury in fact." That injury, we have emphasized repeatedly, must be concrete in both a qualitative and temporal sense. The complainant must allege an injury to himself that is "distinct and palpable," as opposed to merely "[a]bstract," and the alleged harm must be actual or imminent, not "conjectural" or

> "hypothetical." Further, the litigant must satisfy the "causation" and "redressability" prongs of the Art. III minima by showing that the injury "fairly can be traced to the challenged action" and "is likely to be redressed by a favorable decision." The litigant must clearly and specifically set forth facts sufficient to satisfy these Art. III standing requirements. A federal court is powerless to create its own jurisdiction by embellishing otherwise deficient allegations of standing.

Whitmore, 495 U.S. at 155-56 (citations omitted). In an effort to establish standing, Petitioner in this case states "as citizens, taxpayers of Tulsa County and petitioners on the behalf of Garsil L. Brown, we have a right to freedom of speech which gives us the right to speak out in this court about our interest in the case of Garsil L. Brown." (Dkt. # 1). This allegation raises only the "generalized interest of all citizens in constitutional governance," Schlesinger v. Reservists Committee to Stop the War, 418 U.S. 208, 217 (1974), and is an inadequate basis on which to grant Petitioner standing to proceed in his own behalf.

The central allegation of the pleading filed by Petitioner is that Mr. Brown did not receive a fair trial during criminal proceedings in Tulsa County District Court. Upon review of the petition, the Court finds Petitioner in effect seeks habeas corpus relief pursuant to 28 U.S.C. § 2254 on behalf of Garsil L. Brown who is presently in custody of the State of Oklahoma pursuant to Judgments and Sentences entered in Tulsa County District Court, Case No. CF-1991-2809. Therefore, this matter shall be adjudicated as a 28 U.S.C. § 2254 petition for writ of habeas corpus. The federal courts have recognized that "next friends" may appear in court on behalf of detained prisoners who are unable, usually because of mental incompetence or inaccessibility, to seek relief themselves. Whitmore, 495 U.S. at 162. The Court explained,

> [a] "next friend" does not himself become a party to the habeas corpus action in which he participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest. Most important for present purposes, "next friend" standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another. Decisions applying the habeas corpus statute have

adhered to at least two firmly rooted prerequisites for "next friend" standing. First, a "next friend" must provide an adequate explanation-such as inaccessibility, mental incompetence, or other disability-why the real party in interest cannot appear on his own behalf to prosecute the action.  Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a "next friend" must have some significant relationship with the real party in interest. The burden is on the "next friend" clearly to establish the propriety of his status and thereby justify the jurisdiction of the court.

These limitations on the "next friend" doctrine are driven by the recognition that "[i]t was not intended that the writ of habeas corpus should be availed of, as matter of course, by intruders or uninvited meddlers, styling themselves next friends." Indeed, if there were no restriction on "next friend" standing in federal courts, the litigant asserting only a generalized interest in constitutional governance could circumvent the jurisdictional limits of Art. III simply by assuming the mantle of "next friend."

Id. at 163-64 (citations omitted).  Thus, before Petitioner Johnson may proceed to bring this habeas corpus action as a "next friend" of Mr. Brown, he must (1) explain why Mr. Brown cannot appear on his own behalf to prosecute this action, and (2) establish the propriety of his status by explaining his relationship to Mr. Brown.  Petitioner shall file, within twenty (20) days of the entry of this Order, a responsive pleading demonstrating why he should be allowed to bring this action as a "next friend" on behalf of Garsil L. Brown.

**B. Statute of limitations**

Upon review of the petition, the Court finds this matter is subject to dismissal as barred by the statute of limitations.  The Antiterrorism and Effective Death Penalty Act ("AEDPA"), enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the

>   United States is removed, if the applicant was prevented from filing by such State actions;
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Because the limitations period generally begins to run from the date on which a prisoner's direct appeal from his conviction became final, a literal application of the AEDPA limitations language would result in the preclusion of habeas corpus relief for any prisoner whose conviction became final more than one year before enactment of the AEDPA. Recognizing the retroactivity problems associated with that result, the Tenth Circuit Court of Appeals held that for prisoners whose convictions became final before April 24, 1996, the one-year statute of limitations did not begin to run until April 24, 1996. United States v. Simmonds, 111 F.3d 737, 744-46 (10th Cir. 1997), *overruled on other grounds*, United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003). In other words, prisoners whose convictions became final before April 24, 1996, the date of enactment of the AEDPA, were afforded a one-year grace period within which to file for federal habeas corpus relief.

Application of the provisions of 28 U.S.C. § 2244(d) to the instant case leads to the conclusion that this habeas petition is subject to dismissal as time-barred. Mr. Brown's direct appeal proceedings in the Oklahoma Court of Criminal Appeals ("OCCA") concluded on November 2, 1994. Mr. Brown's convictions became final when the 90 day time period for filing a petition for writ of *certiorari* in the United States Supreme Court had lapsed. See Locke v. Saffle, 237 F.3d

1269, 1273 (10th Cir. 2001). Therefore, his convictions in Case No. CF-1991-2809 became final January 31, 1995, or before enactment of the AEDPA. As a result, his one-year limitations clock began to run on April 24, 1996, when the AEDPA went into effect. Mr. Brown had until April 24, 1997, to submit a timely petition for writ of habeas corpus. United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003). Unless statutory or equitable tolling applies, the petition filed August 22, 2006, is more than nine (9) years out of time.

Petitioner asserts that the existence of "new evidence" casts doubt on the validity of Mr. Brown's convictions. Pursuant to 28 U.S.C. § 2244(d)(1)(D), the AEDPA limitation period may also begin to run on the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. However, the paperwork provided by Petitioner indicates that even under § 2244(d)(1)(D), the claims based on the "new evidence" are time-barred. Petitioner indicates that on June 24, 1996, Mr. Brown's ex-wife wrote to Hillcrest Medical Center inquiring whether the victim had received treatment for her injuries. In response to her letter, Hillcrest Medical Center stated there were "no records" found reflecting treatment of the victim. Petitioner has also included a copy of the State's response to one of Mr. Brown's applications for post-conviction relief. The response was filed November 7, 2003, in Case No. CF-1991-2809. That response indicates that on November 8, 2002, Petitioner filed his sixth application for post-conviction relief asserting the existence of the same "new evidence" described in the instant petition. The response also indicates that the state district court denied the sixth application for post-conviction relief on December 11, 2002, and that the OCCA dismissed Mr. Brown's post-conviction appeal on March 24, 2003. Thus Petitioner had completed exhaustion of state remedies as to the claims based on "new evidence" more than three (3) years prior to the filing of the instant petition.

Therefore, even if the Court applies § 2244(d)(1)(D), the instant habeas corpus petition, filed August 22, 2006, appears to be untimely.

The Court also recognizes that the statute of limitations contained in § 2244(d) is not jurisdictional and may be subject to equitable tolling. However, "this equitable remedy is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). It does not appear that Mr. Brown diligently pursued his federal claims.

In light of the considerations discussed above, Petitioner shall, within twenty (20) days of the filing of this Order, file a responsive pleading demonstrating why the petition for writ of habeas corpus, filed August 22, 2006, on behalf of Garsil L. Brown, is not precluded by the statute of limitations.

## C. Filing fee

The filing fee for a habeas corpus action is $5.00. See 28 U.S.C. § 1914(a). In his motion for leave to proceed *in forma pauperis*, Petitioner indicates that he presently has cash in banks and savings & loan associations in the amount of $2,500.00 Therefore, Petitioner has sufficient funds to prepay the $5.00 filing fee required to commence this action and his motion to proceed *in forma pauperis* shall be denied. Petitioner shall submit the $5.00 filing fee within thirty (30) days of the entry of this Order or show cause in writing for failure to do so.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. This matter shall be adjudicated as a 28 U.S.C. § 2254 petition for writ of habeas corpus filed by Petitioner William Edward Johnson, on behalf of Garsil L. Brown. The Clerk of Court shall change the case designation accordingly.

2. Petitioner's motion for leave to proceed *in forma pauperis* (Dkt. # 2) is **denied**. Within twenty (20) days of the entry of this Order, or on or before September 27, 2006, Petitioner shall submit the $5.00 filing fee or show cause in writing for failure to do so.

3. By the above-referenced date, Petitioner shall file a response to this Order demonstrating (a) why he should be allowed to bring this action as a "next friend" on behalf of Garsil L. Brown, and (b) why the petition should not be dismissed as barred by the one-year statute of limitations.

4. Failure to file a response in compliance with this Order shall result in the dismissal of the petition with prejudice as barred by the statute of limitations.

**DATED** this 28th day of August, 2006.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT