**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **GARSIL L. BROWN,** | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 06-CV-0431-CVE-FHM ) |
| **TULSA COUNTY DISTRICT COURT,** | ) ) |
| Respondent. | ) |

## OPINION AND ORDER

On August 22, 2006, William Edward Johnson, appearing *pro se*, submitted a "Petition to Re-Open Case No. CF-91-2809" (Dkt. # 1). Mr. Johnson indicates that he and other individuals identified on pages attached to the petition seek to "re-open" the criminal case of Garsil L. Brown, Tulsa County District Court, Case No. CF-1991-2809. For the reasons discussed below, the Court finds Garsil L. Brown shall be substituted in place of William Edward Johnson as petitioner, and that this action shall be dismissed with prejudice as barred by the one-year statute of limitations.

By Order filed August 28, 2006 (Dkt. # 3), the Court determined that Mr. Johnson lacked standing to bring this matter on behalf of Garsil L. Brown unless he (1) explained why Mr. Brown cannot appear on his own behalf to prosecute this action, and (2) established the propriety of his status by explaining his relationship to Mr. Brown. The Court also determined that even if this action were allowed to proceed as a petition for writ of habeas corpus, the petition was subject to dismissal with prejudice as barred by the one-year statute of limitations. Mr. Johnson was given until November 13, 2006, to demonstrate that he should be allowed to bring this action as a "next friend" on behalf of Garsil L. Brown and that the petition should not be dismissed as time-barred.

After entry of the August 28, 2006, Order, Garsil L. Brown wrote two (2) letters to the undersigned explaining that he and Mr. Johnson had been best friends since childhood and that Mr.

Johnson had agreed to help him gain his freedom. See Dkt. ## 4 and 8. Mr. Brown also indicated in his letters that his convictions entered in Tulsa County District Court, Case No. CF-1991-2809, are invalid because several witnesses presented false testimony. See id. In addition to his two letters, Mr. Brown also filed a motion seeking "release [of] money from inmate saving account for attorney serves (sic)" (Dkt. # 9). On November 14, 2006, Mr. Johnson submitted a response (Dkt. # 10) asserting that he had provided documents constituting "new evidence that will prove the innocence of Mr. Brown."

## A.  Mr. Johnson has not demonstrated entitlement to "next friend" status

It is well established that before a federal court can consider the merits of a legal claim, the person seeking to invoke the jurisdiction of the court must establish the requisite standing to sue. Article III of the United States Constitution gives the federal courts jurisdiction over only "cases and controversies," and the doctrine of standing serves to identify those disputes which are appropriately resolved through the judicial process. Whitmore v. Arkansas, 495 U.S. 149, 154-55 (1990). According to the Supreme Court,

> [t]o establish an Art. III case or controversy, a litigant first must clearly demonstrate that he has suffered an "injury in fact." That injury, we have emphasized repeatedly, must be concrete in both a qualitative and temporal sense. The complainant must allege an injury to himself that is "distinct and palpable," as opposed to merely "[a]bstract,"and the alleged harm must be actual or imminent, not "conjectural" or "hypothetical." Further, the litigant must satisfy the "causation" and "redressability" prongs of the Art. III minima by showing that the injury "fairly can be traced to the challenged action" and "is likely to be redressed by a favorable decision." The litigant must clearly and specifically set forth facts sufficient to satisfy these Art. III standing requirements. A federal court is powerless to create its own jurisdiction by embellishing otherwise deficient allegations of standing.

Whitmore, 495 U.S. at 155-56 (citations omitted). In an effort to establish standing, Mr. Johnson states "as citizens, taxpayers of Tulsa County and petitioners on the behalf of Garsil L. Brown, we

have a right to freedom of speech which gives us the right to speak out in this court about our interest in the case of Garsil L. Brown." (Dkt. # 1). This allegation raises only the "generalized interest of all citizens in constitutional governance," Schlesinger v. Reservists Committee to Stop the War, 418 U.S. 208, 217 (1974), and is an inadequate basis on which to grant Mr. Johnson standing to proceed in his own behalf.

The Court has previously found that Mr. Johnson in effect seeks habeas corpus relief pursuant to 28 U.S.C. § 2254 on behalf of Garsil L. Brown who is presently in custody of the State of Oklahoma pursuant to Judgments and Sentences entered in Tulsa County District Court, Case No. CF-1991-2809. Federal courts recognize that "next friends" may appear in court on behalf of detained prisoners who are unable, usually because of mental incompetence or inaccessibility, to seek relief themselves. Whitmore, 495 U.S. at 162. The Court explained,

> [a] "next friend" does not himself become a party to the habeas corpus action in which he participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest. Most important for present purposes, "next friend" standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another. Decisions applying the habeas corpus statute have adhered to at least two firmly rooted prerequisites for "next friend" standing. First, a "next friend" must provide an adequate explanation-such as inaccessibility, mental incompetence, or other disability-why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a "next friend" must have some significant relationship with the real party in interest. The burden is on the "next friend" clearly to establish the propriety of his status and thereby justify the jurisdiction of the court.
> These limitations on the "next friend" doctrine are driven by the recognition that "[i]t was not intended that the writ of habeas corpus should be availed of, as matter of course, by intruders or uninvited meddlers, styling themselves next friends." Indeed, if there were no restriction on "next friend" standing in federal courts, the litigant asserting only a generalized interest in constitutional governance could circumvent the jurisdictional limits of Art. III simply by assuming the mantle of "next friend."

Id. at 163-64 (citations omitted). As indicated above, Mr. Brown has communicated with the undersigned and has explained the bases of his challenges to his convictions. While the Court has no reason to question the depth of the friendship between Mr. Brown and Mr. Johnson, there appears to be no reason why Mr. Brown cannot prosecute this action on his own behalf. Therefore, Mr. Johnson is not entitled to proceed as "next friend" on behalf of Mr. Brown. The Clerk shall substitute Garsil L. Brown in place of William Edward Johnson as the petitioner in this action.

**B. Statute of limitations**

Upon review of Mr. Brown's letters and Mr. Johnson's response to the prior Order, the Court finds this matter is barred by the statute of limitations. As previously indicated, the Antiterrorism and Effective Death Penalty Act ("AEDPA"), enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> 
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> 
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> 
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> 
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> 
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Because the limitations period generally begins to run from the date on which a prisoner's direct appeal from his conviction became final, a literal application of the AEDPA limitations language would result in the preclusion of habeas corpus relief for any prisoner whose conviction became final more than one year before enactment of the AEDPA. Recognizing the retroactivity problems associated with that result, the Tenth Circuit Court of Appeals held that for prisoners whose convictions became final before April 24, 1996, the one-year statute of limitations did not begin to run until April 24, 1996. United States v. Simmonds, 111 F.3d 737, 744-46 (10th Cir. 1997), *overruled on other grounds*, United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003). In other words, prisoners whose convictions became final before April 24, 1996, the date of enactment of the AEDPA, were afforded a one-year grace period within which to file for federal habeas corpus relief.

Application of the provisions of 28 U.S.C. § 2244(d) to the instant case leads to the conclusion that this habeas petition is subject to dismissal as time-barred. Mr. Brown's direct appeal proceedings in the Oklahoma Court of Criminal Appeals ("OCCA") concluded on November 2, 1994. Mr. Brown's convictions became final when the 90 day time period for filing a petition for writ of *certiorari* in the United States Supreme Court had lapsed. See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001). Therefore, his convictions in Case No. CF-1991-2809 became final January 31, 1995, or before enactment of the AEDPA. As a result, his one-year limitations clock began to run on April 24, 1996, when the AEDPA went into effect. Mr. Brown had until April 24, 1997, to submit a timely petition for writ of habeas corpus. United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003). Unless statutory or equitable tolling applies, the petition filed August 22, 2006, is more than nine (9) years out of time.

5

Mr. Brown claims that "new evidence" casts doubt on the validity of his convictions. Pursuant to 28 U.S.C. § 2244(d)(1)(D), the AEDPA limitation period may also begin to run on the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. However, the paperwork provided in this matter indicates that even under § 2244(d)(1)(D), the claims based on the "new evidence" are time-barred. Mr. Brown indicates that on June 24, 1996, his ex-wife wrote to Hillcrest Medical Center inquiring whether the victim had received treatment for her injuries. In response to her letter, Hillcrest Medical Center stated there were "no records" found reflecting treatment of the victim. The record also contains a copy of the State's response to one of Mr. Brown's applications for post-conviction relief. The response was filed November 7, 2003, in Case No. CF-1991-2809, and indicates that on November 8, 2002, Petitioner filed his sixth application for post-conviction relief asserting the existence of the same "new evidence" described in the instant petition. The response also indicates that the state district court denied the sixth application for post-conviction relief on December 11, 2002, and that the OCCA dismissed Mr. Brown's post-conviction appeal on March 24, 2003. Thus, Mr. Brown had completed exhaustion of state remedies as to the claims based on "new evidence" more than three (3) years prior to the filing of the instant petition. Therefore, under § 2244(d)(1)(D), the request for habeas corpus relief, filed August 22, 2006, is untimely.

The statute of limitations contained in § 2244(d) is not jurisdictional and may be subject to equitable tolling. Mr. Brown claims to be innocent of the crimes for which he was convicted. However, Tenth Circuit authority provides that claims of actual innocence alone cannot serve to toll the limitations period. <u>Miller v. Marr</u>, 141 F.3d 976, 978 (10th Cir. 1998). The record must also demonstrate that the habeas petitioner has pursued his claims diligently but has been prevented from

6

filing a timely petition due to extraordinary circumstances. Id. In response to the Court's prior Order, Mr. Brown offers no explanation for his delay in seeking federal habeas corpus relief. The Court finds that Mr. Brown did not pursue his habeas claims diligently and his claim of actual innocence alone is insufficient to prevent a limitations bar. See id. Therefore, the Court finds that the request for habeas corpus relief is barred by the statute of limitations and shall be dismissed with prejudice.

In light of the dismissal of this action, Mr. Brown's motion seeking "release [of] money from inmate saving account for attorney serves (sic)" shall be declared moot.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The Clerk shall **substitute** Garsil L. Brown, #203555, Great Plains Correctional Facility, P.O. Box 200, Hinton, OK 73047, in place of William Edward Johnson as petitioner.
2. The "petition to re-open case no. CF-91-2809" (Dkt. # 1) is **dismissed with prejudice** as barred by the one-year statute of limitations applicable to habeas corpus petitions**.**
3. Petitioner's motion seeking "release [of] money from inmate saving account for attorney serves (sic)" (Dkt. # 9) is **declared moot**.
4. The Clerk shall send a copy of this Order to both Garsil L. Brown and William Edward Johnson.

**DATED** this 22nd day of January, 2007.

*[signature: Claire V. Eagan]*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT